FILED
JUL 2 7 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECEIVED
JUL 2 6 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBM 0722)
3  Chief, Criminal Division

4  SHAWNA YEN (CSBN 224447)
   Assistant United States Attorney
5
   150 Almaden Boulevard, Suite 900
6  San Jose, California 95113
   Telephone: (408) 535-5054
7  Fax: (408) 535-5066

8  Attorneys for Plaintiff

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION  CR-05-00265-RMW

12  UNITED STATES OF AMERICA,        )   Magis. No. ~~5-04-240~~ HRL
                                     )
13           Plaintiff,              )   STIPULATION AND ~~[PROPOSED]~~
                                     )   PROTECTIVE ORDER
14       v.                          )   RE: DISCOVERY OF
                                     )   CHILD PORNOGRAPHY
15  ARUNE WATCHA,                    )
                                     )
16           Defendant.              )
                                     )
17                                   )

18
         Arune Watcha is charged with one count of possession of using a facility of interstate or
19
   foreign commerce, namely the Internet, to knowingly attempt to persuade a minor to engage in
20
   unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). The United States will produce to
21
   counsel for the defendant in this case a mirror image of all digital media that was seized from the
22
   defendant, including digital media that contains images of child pornography. Pursuant to the
23
   child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure
24
   16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to
25
   the following restrictions:
26
         1.   The United States will produce to counsel for the defendant in this case a mirror
27
   image of all digital media that was seized from the defendant, including digital media that
28

STIPULATION AND PROTECTIVE ORDER
[Magis. No. 5-04-240 HRL]

E-FILING

1  contains images of child pornography. To the extent that sexually explicit images depicting minors are not already captured in the digital media, the United States shall furnish hard copies of those images. The digital media and hard copies of images will hereinafter be referred to together as the "restricted discovery."

2. Defendant's counsel will furnish the Government, at defendant's expense, hard drives and disks on which forensic copies will be replicated so that they function as readily as the original.

3. Except when being actively examined for the purpose of the preparation of the defense of defendant Arune Watcha, the restricted discovery produced by the United States to defense counsel, Theresa Gibbons, shall be maintained in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to Ms. Gibbons. Ms. Gibbons shall not permit any person access of any kind to the restricted discovery except as set forth below.

2. The following individuals may examine the restricted discovery for the sole purpose of preparing the defense of defendant Arune Watcha and for no other purpose:

   a) Theresa A. Gibbons, Esq., counsel for defendant.

If defense counsel determines that additional individuals or experts are needed to review the material, she must obtain a further order of the Court before allowing any other individual to review the material.

2. The defendant's access to the restricted discovery will be limited to viewing it in the presence of his attorney. He shall in no respect possess the restricted discovery or copies thereof.

3. The restricted discovery shall not leave the State of California without further order of the Court.

4. The restricted discovery shall not be transported to defense expert or anyone else, by way of the United States mail or other facility of interstate commerce.

5. A copy of this order shall be maintained with the restricted discovery at all times.

6. No other person may be allowed to examine the material without further court order. Examination of the restricted discovery shall be done in a secure environment which will

STIPULATION AND PROTECTIVE ORDER
[Magis. No. 5-04-240 HRL]                               2

1  not expose the materials to other individuals not listed above.

2  7. No copies of any image files contained in the restricted discovery may be made
3  without further court order. The prohibition on copying includes (1) printing out images onto
4  paper or film and (2) duplicating the images in any digital format. Non-image files such as word
5  processing files, emails, and other text files may be duplicated to the extent necessary to prepare
6  the defense of this matter.

7  8. The computer from which the digital media will be accessed shall not be
8  connected to the Internet or to any other computer network.

9  9. Any pleadings that include or make reference to the above-described materials or
10 their contents shall be filed under seal.

11 10. Within five court days of the judgement and sentencing hearing in this matter, all
12 material provided to defense counsel pursuant to this Order, and all other authorized copies, if
13 any, shall be returned to the United States. The United States shall destroy them. If defendant
14 believes that he must maintain the material for any reason related to appeal, defendant must seek
15 authorization from the District Court within five days of the sentencing and judgement in this
16 matter.

17 11. All individuals other than Ms. Gibbons who receive access to the materials
18 pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order
19 acknowledging that

20  a) they have reviewed the Order;
21  b) they understand its contents;
22  c) they agree that they will only access the restricted discovery for the
23     purposes of preparing a defense for defendant Hough;
24  d) they will not make any copies of any image files within the restricted
25     discovery without further order of the Court;
26  e) they will not access the digital media from any computer that is connected
27     to the internet or to any local network; and
28  f) they understand that failure to abide by this Order may be punishable by

STIPULATION AND PROTECTIVE ORDER
[Magis. No. 5-04-240 HRL]                        3

contempt and other sanctions by this Court and by state or federal criminal charges for possession or dissemination of child pornography.

STIPULATED:

DATED: 7/22/05

_____
THERESA A. GIBBONS, ESQ.
Attorney for defendant
Arune Watcha

DATED: 7/25/05

_____
SHAWNA YEN
Assistant United States Attorney

IT IS ORDERED.

DATED: 7/27/05

_____
HOWARD R. LLOYD
United States Magistrate Judge